IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NUMBER 1:25-CR-00038-5-MAC |
| | § |
| TROI GRAHAM | § |

### ORDER

On November 20, 2025, the court appointed Thomas J. Burbank to represent the Defendant, Troi Graham, in this matter. Now, the Defendant has filed a *pro se* motion requesting discovery, a bill of particulars, and to preserve rights regarding venue and jurisdiction. (Doc. #86.) Because the Defendant is already represented by counsel in this case, the court will strike the Defendant's *pro se* motion (doc. #86) as hybrid.

The law is clear that a defendant has the right to represent herself in a criminal proceeding. *Faretta v. California*, 422 U.S. 806 (1975); 28 U.S.C. § 1654. It is likewise settled law that a defendant has the right to assistance of counsel. *Powell v. Alabama*, 287 U.S. 45 (1932). However, a criminal defendant does not have the right to "hybrid representation"—representation partly by counsel and partly by herself. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *see also United States v. Jimenez*, 744 F. App'x 866, 867 (5th Cir. 2018) ("Although she filed a *pro se* motion for a new trial within 14 days of the verdict, that motion was properly ignored because she was represented by counsel when it was filed."). So long as the Defendant is represented by counsel, the Defendant must appear through counsel and should cease filing papers directly with the clerk.

      Consequently, the clerk of court is directed to STRIKE the Defendant's *pro se* motion (doc. #86).

      **SIGNED this the 6th day of January, 2026.**

      _____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE